

# Fourth Court of Appeals
## San Antonio, Texas

October 5, 2021

No. 04-21-00369-CV

**IN THE INTEREST OF L.L.B, J.A.B, J.A.B, A.J.B., AND B.B.L., CHILDREN**

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2020PA01007
Honorable Linda A. Rodriguez, Judge Presiding

# O R D E R

This is an accelerated appeal from the trial court's July 31, 2021 judgment terminating A.N.L. and J.J.B.'s parental rights to their children. This court must dispose of this appeal within 180 days of the date the notice of appeal was filed. *See* TEX. R. JUD. ADMIN. 6.2.

## Appellate Jurisdiction

On September 27, 2021, we ordered appellant A.N.L. to file, on or before October 4, 2021, a response explaining why this court has jurisdiction to consider her appeal. We also ordered appellant J.J.B. to file, on or before October 4, 2021, a response presenting a reasonable explanation for his failure to file his notice of appeal in a timely manner.

Appellant A.N.L. timely filed a response which demonstrates that her notice of appeal was in fact timely filed on August 20, 2021. *See NA Land Company v. State*, 624 S.w.3d 671, 674 (Tex. App. Houston [14th Dist.] 2021, no pet.) ("Under the Texas Rules of Civil Procedure, an electronically filed document is 'deemed filed when transmitted to the filing party's electronic filing service provider.'") (quoting TEX. R. CIV. P. 21(f)(5)).

Additionally, because A.N.L.'s notice of appeal was timely filed, appellant J.J.B.'s notice of appeal, filed on August 27, 2021, was also timely filed. *See* TEX. R. APP. P. 26.1(d) (providing when any party timely files a notice of appeal, another party may file a notice of appeal within the time periods set out in Rule 26.1 or fourteen days after the first filed notice of appeal, whichever is later). Therefore, we conclude this court has jurisdiction over both A.N.L. and J.J.B.'s appeals and we retain their appeals on this court's docket.

## Appointment of Appellate Counsel for J.J.B.

The clerk's record and the supplemental clerk's record show that the trial court appointed counsel for J.J.B. at the inception of this case. Thereafter, appellant J.J.B. retained trial counsel who represented him at trial. After the trial court rendered judgment, appellant J.J.B. filed a statement of inability to pay court costs in the trial court. *See* TEX. R. CIV. P. 145. Additionally, appellant's retained counsel filed a motion to withdraw and substitute counsel. To date, the trial

court has not ruled on retained counsel's motion to withdraw or appointed new counsel to represent appellant on appeal. *See In re J.F.*, 589 S.W.3d 325, 332 (Tex. App.—Amarillo 2019, no pet.) (noting that because there is no deadline for parents to file the necessary documents for them to establish their indigence and that, given the seriousness of the rights at stake, the trial court should address a parent's affidavit of indigence as soon as possible and before the next critical stage in the proceedings).

Here, the record shows that under Rule 145 of the Texas Rules of Civil Procedure and section 107.013 of the Texas Family Code, appellant J.J.B. is entitled to court-appointed appellate counsel. *See* TEX. FAM. CODE ANN. § 107.013 (d),(e) ("If a court determines the parent is indigent, the court shall appoint an attorney ad litem to represent the parent.") ("A parent who the court has determined is indigent for purposes of this section is presumed to remain indigent for the duration of the suit and any subsequent appeal…."); *cf. In re D.T.*, 625 S.W.3d 62, 71 (Tex. 2021) (concluding that section 107.013 "evidences the Legislature's intent to afford all parents appearing in opposition to state-initiated parental-rights termination suits the right to *effective* counsel regardless of whether counsel is appointed or retained.").

This appeal is therefore abated to the trial court. The trial court is ORDERED to appoint new appellate counsel to represent appellant J.J.B. in this appeal on or before **October 11, 2021**. The trial court clerk is ORDERED to file a supplemental clerk's record containing the trial court's order on or before **October 13, 2021**.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of October, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court